UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FARRON ALEXANDER TAYLOR, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:18-cv-00653-LSC-JHE |
| WARDEN MYERS, and the ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

On August 11, 2021, the court entered a Memorandum Opinion and Final Judgment denying Petitioner Farron Alexander Taylor's 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred and denying a certificate of appealability. (Docs. 18, 19).  On August 25, 2021, Taylor filed a post-judgment motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (Doc. 20).  Taylor declared that unforeseen events prevented him from filing timely objections to the magistrate judge's report and recommendation.  (Doc. 20 at 2-3).

Although Taylor was granted until October 14, 2021, to file objections, none were received by the court and on October 27, 2021, the court denied Taylor's Rule 59(e) motion.  (Doc. 24).

On October 29, 2021, the court received Taylor's objections. (Doc. 25). Because Taylor certified that he gave the objections to prison officials on October 14, 2021, for delivery to the court, the objections are timely filed.[1] To effectuate consideration of Taylor's objections, the court **WITHDRAWS** the October 27, 2021, order denying the Rule 59(e) motion. (Doc. 24).

Taylor requests the court reject the magistrate judge's conclusion that he cannot demonstrate that equitable tolling based on a mental impairment excuses his untimely petition. (Doc. 25). Taylor argues he presented "sufficient evidence to create a factual issue as to a causal connection between his mental capacity and his ability to file a timely § 2254 petition," and requests an evidentiary hearing. (Doc. 25 at 1-2).

Taylor's objections are **OVERRULED**. The one-year federal statute of limitations began to run on December 16, 2010, and it expired on December 16, 2011. (Doc. 17 at 5-6). Taylor has never disavowed the validity of an April 12, 2010, forensic evaluation report addressing his competence to stand trial and waive his *Miranda* rights, and does not challenge the accuracy of the magistrate judge's summary of the report. (Doc. 17 at 9-10 n.7) (citing Doc. 1 at 53-56). That report demonstrates that Taylor did not have a mental impairment that prevented him from

---

[1] Prisoners proceeding *pro se* have virtually no control over the mailing of their pleadings, so their pleadings are deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

raising parole questions with prison officials before the time for filing his habeas petition expired had he exercised due diligence.

After careful consideration of the record in this case, the magistrate judge's report, and the objections thereto, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendation. Accordingly, the petition for writ of habeas corpus is due to be **DENIED** and this action **DISMISSED WITH PREJUDICE**. A certificate of appealability is due to be **DENIED**.

**DONE** and **ORDERED** on June 13, 2022.

_____
L. Scott Coogler
United States District Judge

160704